## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS P. SHEARER, | : | CIVIL NO. 1:23-CV-01267 |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| v. | : | |
| MYRNA E. SHEARER, | : | |
| Defendant. | : | |

## **MEMORANDUM OPINION**

### **I. Introduction.**

In this matter, the plaintiff, Thomas P. Shearer ("Thomas"), brings various tort claims under Pennsylvania law against his wife and business partner, Myrna E. Shearer ("Myrna"). He alleges that Myrna violated her fiduciary duty to him through gross mismanagement of their jointly owned business assets. Thomas and Myrna are also in the process of divorcing via a separate action in state court.

Thomas states in the complaint that he is bringing this action under the court's diversity jurisdiction. Currently pending before this court is a motion to dismiss the complaint for lack of subject-matter jurisdiction. For the reasons set forth below, we deny the pending motion to dismiss.

**II. Background and Procedural History.**

On July 31, 2023, Thomas began this action by filing a complaint. *Doc. 1*. In his complaint, Thomas alleges he and Myrna are married, but in the process of divorcing via an action in the Court of Common Pleas of York County, Pennsylvania. *Id.* at 1, ¶ 1. Thomas and Myrna are also business partners in various businesses that they jointly own. *Id.* at 2, ¶ 1. Thomas alleges that Myrna, who ran the businesses on a daily basis, acted "with deceit and bad faith in effectively stealing money from Thomas" through various "illicit actions[.]" *Id.* at 2, ¶ 2.

Thomas brings claims of fraud, negligent misrepresentation, conversion, breach of fiduciary duties, unjust enrichment, and breach of contract. *Id.* at 14–21, ¶¶ 75–120. Thomas seeks compensatory and punitive damages, costs, pre-judgment interest, post-judgment interest, attorney's fees, and injunctive relief. *Id.* at 21. Thomas alleges federal jurisdiction pursuant to 28 U.S.C. § 1332 based upon the parties' diverse citizenship[1] and the amount in controversy. *Id.* at 3.

On August 24, 2023, Myrna filed a motion to dismiss (*doc. 4*), arguing that this court lacks subject-matter jurisdiction over the claims under the domestic relations exception to diversity jurisdiction ("Domestic Relations Exception"). She

---

[1] Per the complaint, Thomas is a citizen of Florida and Myrna is a citizen of Pennsylvania. *Doc. 1* at 3, ¶¶ 3–5.

subsequently filed a brief in support of her motion to dismiss (*doc. 6*) on September 5, 2023, and Thomas filed a brief in opposition to the motion to dismiss (*doc. 8*) on September 19, 2023.

### III. Pleading and Motion-to-Dismiss Standards.

Federal Rule of Civil Procedure 12(b)(1) permits the dismissal of an action for lack of subject-matter jurisdiction. Challenges to subject-matter jurisdiction under Rule 12(b)(1) may be "facial" or "factual." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016). A factual challenge to the court's subject-matter jurisdiction "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). Whereas a facial challenge to the court's subject-matter jurisdiction contests the sufficiency of the pleadings. *Papp*, 842 F.3d at 811.

When there is a facial challenge, as Myrna brings here, "we apply the same standard as on review of a motion to dismiss under Rule 12(b)(6)." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017). Thus, with a facial challenge, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most

favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  And "the court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**IV. Discussion.**

Myrna argues that this court should dismiss the complaint according to Fed. R. Civ. P. 12(b)(1). *Doc. 4* at 1.  More specifically, Myrna argues that this court lacks subject-matter jurisdiction over Thomas's claims under the Domestic Relations Exception to diversity jurisdiction. *Id.* at 7.  In response, Thomas argues that his complaint falls outside the narrow Domestic Relations Exception. *Doc. 8* at 2.  Myrna also argues that, even if this court has subject-matter jurisdiction, we should abstain from exercising that jurisdiction when presented with matrimonial issues or issues "on the verge" of being matrimonial in nature. *Doc. 4* at 1. Thomas argues in response that this court has no proper basis to abstain from deciding the merits of the case. *Doc. 8* at 2.  We address each argument in turn.

    **A. The Domestic Relations Exception.**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  "[T]hey have only the power that

is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541 (1986).  This court has diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between, *inter alia,* citizens of different states. *See* 28 U.S.C. § 1332.  It is uncontested that Thomas pleaded sufficient facts to establish this court's subject-matter jurisdiction under 28 U.S.C. § 1332. *Doc. 8* at 4.  But Myrna challenges this court's subject-matter jurisdiction under the Domestic Relations Exception. *Doc. 6* at 4.

The Supreme Court has held that a "narrow" Domestic Relations Exception exists to diversity jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 706–07 (1992).  The Domestic Relations Exception "'encompasses only cases involving the issuance of a divorce, alimony, or child custody decree.'" *Matusow v. Trans– County Title Agency, LLC*, 545 F.3d 241, 242 (3d Cir. 2008) (quoting *Ankenbrandt*, 504 U.S. at 704).  Thus, "*only* 'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds.'" *Marshall v. Mars*hall, 547 U.S. 293, 308 (2006) (quoting *Ankenbrandt*, 504 U.S. at 704) (emphasis added).

Tort claims seeking damages are not within the Domestic Relations Exception. *Matusow*, 545 F.3d at 245 ("The claims for which [the plaintiff] seeks damages sound in tort, and, as such, they clearly fall outside of the domestic relations exception.").  Thus, the tort claims that Thomas brings here do not fall

within the Domestic Relations Exception. Additionally, the injunctive relief that Thomas seeks under the Pennsylvania Uniform Voidable Transfers Act, 12 Pa.C.S. § 5101 *et seq.*, is a statutory tort claim and falls outside the Domestic Relations Exception. *Matusow*, 545 F.3d at 246 ("[S]tatutory tort claims [. . .] do not fall within the domestic relations exception."). Thus, all the statutory claims that Thomas brings are also outside the Domestic Relations Exception.

Myrna additionally argues that this court cannot have jurisdiction over this case because the jointly owned businesses, which form the basis of Thomas's complaint, are subject to equitable distribution through the state divorce proceeding. *Doc. 6* at 7. Thomas counters by arguing that he does not seek to alter the eventual equitable distribution scheme or to have this court divide marital property. *Doc. 8* at 2. Instead, he seeks damages as a result of Myrna's alleged tortious acts relating to the businesses, which are marital property. *Id.* This court is not divested of jurisdiction simply because the businesses are relevant to both this suit and the divorce proceedings. *See Matusow*, 545 F.3d at 245 ("[T]he fact that [marital] property is both subject to the [Marital Settlement Agreement] and related to the present suit does not divest the federal courts of diversity jurisdiction."). Thus, we have subject-matter jurisdiction over this case despite the fact that the businesses at issue are marital property.

Thus, this court properly has subject-matter jurisdiction in this case because the narrow Domestic Relations Exception does not apply to Thomas's claims. Further, although marital property subject to state divorce proceedings is also related to the present suit, this court is not divested of jurisdiction.

### B. Abstention.

Myrna alternatively argues that, even if we find that this court has subject-matter jurisdiction over this case, "[a] federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." *Doc. 6* at 7 (quoting *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2nd Cir. 1990)).[2] Conversely, Thomas argues that the claims he alleges are not "matrimonial in nature" but arise "because [Myrna] is his

---

[2] In *American Airlines*, the Second Circuit "applied domestic relations abstention beyond diversity cases to federal-question jurisdiction cases." *Mochary v. Bergstein*, 42 F.4th 80, 89 (2d Cir. 2022). After *Ankenbrandt* held that the Domestic Relations Exception applies only in diversity cases, the Second Circuit expressly found that *American Airlines* is limited to federal question cases. *Id*. at 89, n.15 ("In determining that *American Airlines* remained good law following *Ankenbrandt*, this Court relied on the fact that *American Airlines* applied to federal question cases, not diversity cases."). Thus, *American Airlines* is neither binding nor persuasive authority in the instant case. We will, however, consider whether abstention is proper.

business partner who owed him duties, that she breached, created by their business relationship." *Doc. 8* at 12.  We do not find that abstention is proper in this case.

Federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  "Nonetheless three doctrines of abstention have evolved which allow the district courts to decline to hear cases over which they have jurisdiction. *NYLife Distributors, Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 376 (3d Cir. 1995).  The three traditional doctrines of abstention are:

> *Pullman* abstention, which is proper when a state court determination of a question of state law might moot or change a federal constitutional issue, *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941); *Burford* abstention, which applies when questions of state law in which the state has expressed a desire to establish a coherent policy on a matter of substantial public concern are raised, *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); and *Younger* abstention, which is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked to restrain state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971).

*NYLife Distributors, Inc.*, 72 F.3d at 376.  None of the traditional abstention doctrines apply here because this case does not involve a federal constitutional issue, a question of state law in which a state has expressed a desire to establish a coherent policy, or the restraint of a state criminal proceeding.

"Over the years, an additional ground for dismissing or staying a federal action in favor of state court proceedings has developed[.]" *Id*.  In "*Colorado*

*River,* the Supreme Court recognized that there are certain extremely limited circumstances in which a federal court may defer to pending state court proceedings based on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir. 1997) (quoting *Colorado River*, 424 U.S. at 817).

"Whether [*Colorado River*] abstention is appropriate is a two-part inquiry." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009). "The initial question is whether there is a parallel state proceeding that raises 'substantially identical claims [and] nearly identical allegations and issues.'" *Id*. (quoting *Yang v. Tsui,* 416 F.3d 199, 204 n.5 (3d Cir.2005) (internal quotation and citation omitted)). "If the proceedings are parallel, courts then look to a multi-factor test to determine whether 'extraordinary circumstances' meriting abstention are present." *Id.* at 307–08.

Here, Thomas's claims are markedly different from the state divorce proceedings for the same reasons previously discussed in rejecting the application of the Domestic Relations Exception to this case. Moreover, the Pennsylvania Superior Court recently drew a similar distinction between divorce proceedings and tort claims when it addressed a case in which a husband, in the middle of a divorce proceeding with his wife, brought a complaint against her for breach of

fiduciary duty regarding a business they shared. *Bell v. Bell*, 2023 WL 5542788, at *1 (Pa. Super. 2023).  Mrs. Bell argued "that the claims made in [Mr. Bell's] Complaint are based on matters that are solely [within] the province of equitable distribution of the couples' property that is being handled as part of the parties' separate divorce action." *Id*.  The Superior Court rejected this argument, and found that "[t]he two cases are not the same—the prior litigation at issue involves divorce (and, as reasonably deduced from the pleadings, equitable distribution) while the instant case involves claims of, *inter alia*, breach of fiduciary duty and conspiracy to convert over $80,000.00 worth of assets." *Id.* at *7.  The Superior Court additionally found that "the relief sought is different—the prior litigation seeks a divorce decree (and, as reasonably deduced from the pleadings, equitable distribution) while the instant case seeks statutory damages, punitive damages, and attorney's fees." *Id*.

Thus, the state divorce proceedings and the instant tort claims brought here are not parallel proceedings which would warrant abstention under *Colorado River* or any of the traditional grounds under which this court would abstain from exercising its jurisdiction.

## VI. Conclusion.

For the foregoing reasons, we deny the motion to dismiss. *Doc. 4*. An appropriate order follows.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
